# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2019

Lyle W. Cayce
Clerk

KIMBERLY LEWIS; STEPHEN LEWIS,

     Plaintiffs - Appellants

v.

OCWEN LOAN SERVICING, L.L.C.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Fremont Home Loan Trust 2004–4, Asset-Backed Certificates, Series 2004–4,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-133

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

     Kimberly and Stephen Lewis appeal from a summary judgment order dismissing their claims against Ocwen Loan Servicing, L.L.C., Et Al. (collectively, "Appellees"). The Lewises defaulted in 2014 on a home equity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40923

loan that they obtained from a predecessor of the Appellees in 2004. They now allege that the home equity loan is invalid because Appellees violated the following provisions of the Texas Constitution: (1) Art. XVI § 50(a)(6)(M)(ii), which requires lenders to provide a "final itemized disclosure of the actual fees, points, interest, costs, and charges that will be charged at closing" at least one day before closing (i.e., the "one-day violation"); (2) Art. XVI § 50(a)(6)(M)(i), which requires home equity loans to be closed at least twelve days after the submission of the loan application or the date that the lender provides a section 50(g) notice, whichever is later (i.e., the "twelve-day violation"); and (3) Art. XVI § 50(a)(6)(B), which states that the principal of a home equity loan cannot exceed 80% of the homestead's fair market value (i.e., the "80% violation").

The district court granted summary judgment for Appellees because the Lewises signed affidavits at the closing of their home equity loan that attested to Appellees' compliance with these provisions, and the Lewises did not present contradictory evidence sufficient to create a genuine issue of material fact regarding those prior affidavits' accuracy. The court reasoned: "The Lewises' swearing to a fact one way and then the opposite way as it suited their changing interests does not create a fact question." The district court further noted that Appellees were entitled to rely on the Lewises' affidavit regarding the fair market value of their home under the circumstances. Art. XVI § 50(h).

This court agrees that summary judgment was appropriate. Although the Lewises now dispute the accuracy of their prior affidavits, this court has long held that a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984); *accord Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) (collecting cases). The Lewises did not meaningfully explain

No. 18-40923

the reason for their changed testimony.  Nor do their other arguments raised in the briefing create a genuine issue of material fact.

Therefore, the judgment of the district court is **AFFIRMED**.